**Ronald E. HILL, Plaintiff-Appellant,**

**v.**

**Charlotte A. HILL, Defendant-Respondent.**

**No. 25333.**

Kansas City Court of Appeals, Missouri.

June 1, 1970.

Cottingham & Williamson, James S. Cottingham, J. D. Williamson, Jr., Independence, for appellant.

Roger J. Walsh, Donald J. Quinn, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff and defendant were married in January 1957, and separated October, 1967. Two children were born to the marriage, Cheryl Ann, aged nine and Ronald Edward, Jr., aged two. Plaintiff filed his petition for divorce. Defendant answered and filed cross bill. Trial was had on May 2nd, 1968. The court found the issues for defendant, dismissed plaintiff's petition, and granted defendant a divorce on her cross bill. She was awarded custody of the children with rights of visitation to plaintiff each Sunday. Plaintiff was required to pay defendant the sum of $300.00 monthly for child support, $2,000.00, for attorney fees, and the total sum of $20,000.00, to be paid at the rate of $400.00 monthly, as alimony. Plaintiff appeals from that part of the judgment relating to attorney fees and alimony in gross.

Plaintiff is a mechanical engineer, employed by Hemco Corporation, in which there are 400 shares. One share is owned by defendant, 196 by plaintiff, and the remaining 203 shares are owned by plaintiff's father and mother. He is president and chairman of the board. Plaintiff is an only child of his parents. The gross receipts of the corporation for 1966 were $751,915.46. He stated that he is vice president and partner in H & R Design Corporation, but owns no stock therein. He is president and chairman of the board of Midwest Fiber Glass Company, a family owned corporation. He reported a total salary for 1967, of $18,294.48, and for 1966, $16,606.72. He owned 143 shares of stock in Midwest Fiber Glass Company. There are two family corporations, H & R Design and Titan Ice Company, in which plaintiff had previously been interested but he refused to give any information regarding them. Plaintiff stated that, during his married life, prior to this action, he gave his entire salary check, $446.00, twice a month, to defendant. He denied that he was on an expense account, except for business expenses actually incurred by him. He offered to pay $300.00 per month child support.

The evidence was to the effect that plaintiff made frequent trips to foreign countries which, he said, were of a business character. He did not take, or offer to take, defendant on any such trips or on any other trips, vacation or otherwise, for a period of five years prior to this trial. He ceased to wear the wedding ring in 1963, prior to this trial, and had told defendant that he did not love her. Defendant's testimony indicated that she knew virtually nothing about the business of Hemco, or of the other corporations mentioned in evidence. She stated that plaintiff had, in past years, prior to the filing of this action given her his entire twice monthly salary check; that plaintiff reserved and received no part of that money, almost $900.00 per month; that she did not know plaintiff's sources of income; that she did not know where his money came from but that he always had money to pay his bills; that he had told her that he had an expense account of $1,000.00 per month.

Mr. Brown, an accountant for Hemco, testified to the effect that plaintiff's shares of stock, owned by him in both Hemco and Midwest Fiber Glass, were of the value of $39,616.00; and that he was receiving from $16,000.00 to $18,000.00 per year in

salary. He knew nothing about the other corporations.

The parties jointly owned a home, which was valued at about $12,000.00 and was subject to a mortgage of $4000.00. The original $4,000.0 equity in the home was paid from defendant's father's estate. Defendant's assets, other than her interest in the equity of the home, were about $3,500.00.

■ The allowance of alimony is discretionary, with the discretion to be exercised in the light of all the relevant circumstances. If the discretion is not abused the appellate court will not interfere. In deciding the issue of alimony, the financial status of the parties will be considered; their estates; monies; obligations and necessities; the contributions of each; their respective abilities to follow gainful occupations; the children, their ages and disposition of custody. Knebel v. Knebel, 189 S.W.2d 464, 467 et seq.

The court found that defendant is the innocent and injured party. Custody of the children was awarded to defendant and $300.00 per month awarded for their support. Plaintiff makes no complaint as to these matters.

However, he complains of the $2,000.00 awarded for attorney fees. There was testimony as to the time consumed by defendant's counsel in procuring facts regarding plaintiff's property and income. Plaintiff refused to cooperate in this matter to any degree. He refused defendant's counsel information regarding the affairs and operations of the various family owned corporations. The evidence was to the effect that defendant's counsel obtained such information as they did get by resorting to various legal remedies. There was a refusal by plaintiff to furnish any substantial information relative to two family held corporations in which plaintiff had, at one time, had some interest. There was a complete lack of evidence as to how and from what source plaintiff received money to pay for his clothing and other personal expenses. He offered no testimony on this subject but stated that *all* of his take home salary, was paid to defendant twice a month. She deposited it and checked it out for household expenses, all of it. The trial judge was astounded at this situation. We are puzzled by it.

We know, by the solid evidence of plaintiff's accountant that his net worth was $39,616.00, based on his stock holdings alone. We know that one of the corporations in which he had stock did a yearly business of more than $750,000.00, and that plaintiff received a salary of from $16,000.00 to $18,000.00. From all of the evidence before us, and from the lack of evidence as to other money income which plaintiff had, it is apparent that the facts here present less than a true picture of his financial status.

Defendant was not shown to have any skills from which she might expect lucrative employment. She had an interest in the equity in their home, and other assets of about $3,500.00. Plaintiff's assets and income, we think, have not been fully divulged.

■ However, we think that the court was in the exercise of a sound discretion in awarding attorney fees of $2,000.00. It was proper in this case to require this fee to be paid by plaintiff. The defendant was not destitute but the court could find from the evidence that plaintiff was financially able to pay this charge and that payment would have been a financial burden on defendant. Mathews v. Mathews, 337 S.W. 2d, (Par. 5–8) 529, 538.

■ Considering the unusual state of this record as to plaintiff's income, the unsatisfactory state of the record as to the source of money which he spent, and the testimony of plaintiff's accountant that he owned stock worth $39,616.00, it was within the court's discretion to allow defendant gross alimony in the sum of $20,000.00, to be paid at the rate of $400.00 monthly. The total required to be paid monthly, for

alimony and child support, is $700.00. Plaintiff had given defendant more than $800.00 per month prior to institution of this action. The evidence was that he paid all household expenses plus · $50.00 per week to defendant, after this action was filed. There was evidence that the total of such payments was $700.00, or possibly more. Furthermore, the $20,000.00 alimony judgment will be discharged within 50 months.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.